Bernard B. Martin, Thomas O. Oyler, Sr., and Olmer Spence, Appellants, *v.* Adams County Area Vocational Technical School Authority, Bermudian Springs School District, Conewago Valley School District, Fairfield Area School District, Gettysburg Area School District, Littlestown School District and Upper Adams School District, Appellees.

Argued December 5, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Stephen E. Patterson,* with him *Ullman & Painter,* for appellants.

*Eugene R. Hartman,* for appellees.

OPINION BY JUDGE WILKINSON, December 28, 1973:
On April 23, 1973, plaintiffs-appellants brought this action in equity to enjoin defendants-appellees from proceeding with the construction of an area vocational-technical school on a 24.775 acre tract of land purchased by appellees from Adams County for a purchase price of $100,000.00. The estimated project cost was alleged to be $3,620,000.

We summarize the reasons alleged by appellants in the complaint, as amended, to support their claim that the court should exercise its extraordinary powers to perpetually enjoin appellees from using the site they selected:

(1) No feasibility study has been made, including a traffic study;

(2) Other and more desirable land is available at a lesser price;

(3) Other available sites are more accessible;

(4) Cost of sewerage facilities and services would be less on other sites;

(5) Construction costs would be less on other sites;

(6) The 24.775 acre tract is too small, and there is no additional land available for expansion at the proposed site;

(7) The Advisory Council on Historic Preservation may comment adversely on this site and jeopardize $473,000.00 in federal grants;

(8) The project was being pressed to avoid the necessity of a public hearing in the event the then proposed "Taj Mahal" bill was adopted by the General Assembly;

(9) If appellees are enjoined, no loss would be suffered in that the agreement with the County of Adams, grantor, provides that if the land is not used for school purposes, it will revert and the $100,000 will be refunded;

(10) The investigation of the suitability of the site was improperly delegated to a joint operating committee of the Area Vocational-Technical School Board rather than performed by the full Board;

(11) All actions taken since December 1971 by the joint operating committee are a nullity since it has not properly organized and elected officers according to Article XVIII of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §18-1850.3(d).

We have summarized the alleged basis of appellants' complaints in such detail because the lower court has sustained a preliminary objection by appellees that the appellants are guilty of laches in delaying from March 7, 1972, the date the option to purchase was obtained, until April 23, 1973, when the complaint was filed. We must affirm.

its presentation in this case more than adequately supports the reasonableness of its discretionary choice to relocate the right-of-way of the subject 12-inch gas pipeline. The record discloses several considerations and reasons which went into Columbia's decision to relocate the line. The difficulties of construction and the narrowness of the space between the two buildings adjacent to the existing right-of-way, standing alone, as described in the record of this case, are sufficient credible evidence to support the court's holding that the record failed to disclose an arbitrary or capricious exercise of discretion by Columbia sufficient to invalidate the exercise of the condemnation power granted to it by the statute.

Based upon the above discussion, we affirm the order of the court below.